United States District Court
Southern District of Texas
**ENTERED**
April 23, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ABELARDO G. GONZALEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 5:20-CV-30 |
| | § | |
| ESTHER DEGOLLADO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 4). Having carefully considered the motion, the record, and the applicable law, Plaintiff's motion is **GRANTED**.

Plaintiff is a state prisoner who filed this *pro se* civil rights action on behalf of himself and his two minor children, M.A.G. and Z.A.G (Dkt. No. 1). He moved for IFP status (Dkt. No. 4) and submitted a copy of his prisoner trust fund account statement (Dkt. No. 5). On March 23, 2020, United States Magistrate Judge John A. Kazen issued an Order denying Plaintiff's motion (Dkt. No. 9), which the Court construes as a Report and Recommendation.[1]

As the Magistrate Judge explained, because Plaintiff is incarcerated, his complaint is subject to the "three-strikes rule" established by the Prison Litigation

---

[1] The denial of IFP status falls outside the scope of a magistrate judge's authority because it is considered the "functional equivalent of an involuntary dismissal." *United States v. Gomez-Guzman*, CR L-09-2528, 2011 WL 13202968, at *1 (S.D. Tex. Sept. 2, 2011); *see also Donaldson v. Ducote*, 373 F.3d 622, 625 (5th Cir. 2004).

Reform Act (PLRA). Under that rule, a plaintiff may not proceed *in forma pauperis* who, on three or more occasions, brought an action or appeal in federal court that was "dismissed on the grounds that it is frivolous." 28 U.S.C. § 1915(g). In Plaintiff's case, the Magistrate Judge identified the following dismissals:

(1) *Gonzalez v. Sarabia*, 3:14-CV-366, 2017 WL 568764 (S.D. Tex. Feb. 9, 2017) (dismissing Plaintiff's civil rights action as frivolous under PLRA) [hereinafter "the Galveston case"].

(2) *Gonzalez v. Taylor*, 2:15-CV-46, 2015 WL 13742834 (S.D. Tex. Apr. 24, 2015), *adopted*, 2016 WL 48126 (S.D. Tex. Jan. 5, 2016) (dismissing Plaintiff's civil rights action as frivolous under PLRA) [hereinafter "the Corpus Christi case"].

(3) *Gonzalez v. Taylor*, 16-40061, 695 F. App'x 731 (5th Cir. 2017) (dismissing Plaintiff's appeal as frivolous under PLRA).

Finding that Plaintiff had accumulated three strikes, the Magistrate Judge denied his IFP application (Dkt. No. 9 at 2).

Plaintiff filed a Motion to Alter or Amend the Judgment (Dkt. No. 15), which the Court construes as objections to the Report and Recommendation. In his objections, Plaintiff argues that because he brought this action also on behalf of his minor children, who are not incarcerated, the PLRA does not apply (*id.* at 5–6). That argument fails, however, because a *pro se* plaintiff generally may not proceed on behalf of anyone other than himself. Indeed, the Fifth Circuit has specifically held that a *pro se* plaintiff in a § 1983 action may not bring suit on behalf of his minor children. *Fountain v. Thaler*, 629 F. App'x. 592, 595 (5th Cir. 2015); *Sprague v. Dep't of Family & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013); *Johnson v. Lufkin*

*Daily News*, 48 F. App'x 917 (5th Cir. 2002). Because Plaintiff is proceeding *pro se*, the claims on behalf of his minor children are **DISMISSED** without prejudice.

Plaintiff alternatively argues that the Corpus Christi case, *Gonzalez v. Taylor*, 2:15-CV-46, should not count as a strike under the PLRA (Dkt. No. 15 at 4–5). As Plaintiff explains, in November 2014 he filed the Galveston case, *Gonzalez v. Sarabia*, 3:14-CV-366, against multiple defendants, including Taylor. The Galveston court *sua sponte* severed the claims against Taylor and transferred those claims only to the Corpus Christi Division. Although both actions were ultimately dismissed as frivolous, Plaintiff argues that the Corpus Christi case should not count as a strike because he did not file a case in Corpus Christi and opposed severing the claims against Taylor (Dkt. No. 15 at 4–5).

The fact that some of Plaintiff's claims were severed, resulting in a separate action, does not automatically mean that a dismissal of that action may not count as a strike. Requiring parties to assert unrelated claims against different defendants in separate complaints prevents prisoners from circumventing the filing-fee and three-strikes provisions of the PLRA. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits … to ensure that prisoners pay the required filing fees."); *Booker v. McDuffie*, 5:18-CV-208-BQ, 2019 WL 3937225, at *2 (N.D. Tex. July 22, 2019) ("Booker cannot escape the requirements and purpose of 28 U.S.C. §§ 1915 and 1915A by simply 'amending' his complaint to add unrelated claims against new defendants.").

A district court has discretion, however, to sever claims without a finding of improper joinder. *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983) (holding that severance under Rule 21 is not limited to curing misjoinder of parties); *Blum v. Gen. Elec. Co.*, 547 F. Supp.2d 717, 722 (W.D. Tex. 2008) ("Rule 21 is an appropriate vehicle to sever or dismiss the claims of even properly joined parties."). So, too, a district court may *sua sponte* transfer a case to any other district or division where it might have been brought for the convenience of the parties and witnesses. *Polk v. Dir., TDCJ-CID*, 1:20-CV-74, 2020 WL 1548401, at *1 (E.D. Tex. Mar. 31, 2020) (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989)).

This is precisely what happened in the Galveston case. The district court *sua sponte* transferred the claims against Taylor to the Corpus Christi Division "for the convenience of the parties and witnesses," without finding that the claims were improperly joined (3:14-CV-366: Dkt. No. 9). Under these circumstances, to count the dismissal of the Corpus Christi case as a separate strike would unfairly allow a discretionary and independent event, like a convenience-based transfer, to control Plaintiff's future eligibility for IFP status. Indeed, a plaintiff who asserted otherwise identical claims that were not severed could receive fewer strikes, which would undermine the interests of justice by treating materially similar cases differently. Therefore, the Court holds that the Corpus Christi case does not count as a strike under the PLRA.

For the foregoing reasons, the Court declines to adopt the Report and Recommendation (Dkt. No. 9) and **GRANTS** Plaintiff's motion to proceed *in forma*

*pauperis* (Dkt. No. 4).[2]  The claims brought on behalf of Plaintiff's minor children, M.A.G. and Z.A.G., are **DISMISSED** without prejudice.  Plaintiff's case will proceed with pre-trial management before the Magistrate Judge.

It is so **ORDERED**.

**SIGNED** April 22, 2020

                                         Marina Garcia Marmolejo
                                         United States District Judge

---

[2] Based on his IFP application (Dkt. No. 4) and trust fund account statement (Dkt. No. 5), Plaintiff qualifies for IFP status under 28 U.S.C. § 1915(a).