UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ABELARDO G. GONZALEZ, TDCJ #01622682, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-30 |
| ESTHER DEGOLLADO, *et al.*, | § § § | |
| Defendants. | § | |

# REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Emergency Application for TRO and Request for Expedited Hearing on Request for Preliminary Injunction under Rule 65 Fed. Rules Civ. Proc. to force the Webb County District Clerk, Esther Degollado, to file all documents tendered to her by Plaintiff the same date they are received, to file all documents in the proper cases, to send all orders issued by the court in Plaintiff's cases to Plaintiff, and to reply to Plaintiff's requests for information without delay. (Dkt. No. 33 at 1). After considering the filings and relevant legal authority, the Magistrate Judge recommends the District Court **DENY** Plaintiff's motion.

## Procedural History

Plaintiff is currently incarcerated by the Texas Department of Criminal Justice at the McConnell Unit in Beeville, Texas. (Dkt. No. 1). Plaintiff, proceeding *pro se*, filed a complaint against multiple defendants—Webb County District Clerk Esther Degollado, State District Judge Jose A. Lopez of the 49th District Court for Webb County, and one or more unidentified Jane or John Doe Deputy Clerks employed by

1

the Webb County District Clerk's Office—for violation of his civil rights under Title 42 U.S.C. § 1983. (Dkt. No. 1). On March 9, 2020, Plaintiff filed an amended complaint adding sixteen additional defendants, bringing the total to nineteen. (Dkt. No. 3). On that same day Plaintiff's Motion to Proceed *in forma pauperis* was filed. (Dkt. No. 4). On April 22, 2020, that motion was granted by United States District Judge Marina Garcia Marmolejo. (Dkt. No. 21).

On July 7, 2020, United States Magistrate Judge John A. Kazen recused himself from the case and the case was reassigned to United States Magistrate Judge Diana Song Quiroga on the same day. (Dkt. No. 28). On September 16, 2020, Plaintiff's case was reassigned to United States Magistrate Judge Christopher dos Santos. On September 18, 2020, Plaintiff's Emergency Application for TRO and Request for Expedited Hearing on Request for Preliminary Injunction under Rule 65 Fed. Rules Civ. Proc. was filed, and it was referred to Magistrate Judge Christopher dos Santos on the same day. (Dkt. No. 33). The Court now considers Plaintiff's motion.

## **Background**

Plaintiff was convicted of multiple offenses on January 15, 2010, and sentenced to thirty years' imprisonment. (*See* Dkt. No. 3). Plaintiff's allegations are contained in his 94-page filing that includes the amended complaint and exhibits. (Dkt. No. 3). Plaintiff alleges that the defendants have willfully engaged in a conspiracy to withhold information regarding threats against Plaintiff, inhibit Plaintiff's access to the courts, and place Plaintiff's life in imminent danger. (*See* Dkt. No. 3). Specifically

pertaining to the motion for injunctive relief, Plaintiff complains that the Webb County District Clerk and her staff have denied him access to the courts by withholding the filing of a state lawsuit; by not mailing orders issued by the court to Plaintiff; by not providing Plaintiff with information pertaining to filings in his lawsuit upon request; and by misfiling legal documents in the wrong case. (*See* Dkt. No. 33 at 2–4).

## **Legal Standard**

For a claim under Title 42 U.S.C. § 1983, a plaintiff must (1) allege facts showing a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was caused by a person or persons acting under color of state law. *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

Prisoners have a constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 354 (1996). This right has not been extended to include more than the ability of an inmate to prepare and transmit a necessary legal document to a court. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir.1993). In order to prevail on a right to access the courts claim, the plaintiff must show "that he suffered some cognizable legal prejudice as a result of the defendant's actions and that the defendant had the intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so." *See Porras v. Sanchez*, 2014 WL 2118085, *8 (W.D. Tex. May 21, 2014) (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.

1996)); *see also Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988); *Sims v. Landrum*, 170 Fed.App'x 954, 956–57 (6th Cir. 2006); *Turner v. Donnelly*, 156 Fed.App'x 481, 483–84 (3d Cir. 2005). Actual prejudice includes the inability to meet a filing deadline, the inability to present a claim, or the inability to prepare and transmit legal documents to a court. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Allen v. Fuselier*, 273 F.2d 393 (5th Cir. 2001).

A temporary restraining order is a form of equitable injunctive relief that preserves the status quo of the parties until there is an opportunity to hold a full hearing on an application for a preliminary injunction. *See* Fed. R. Civ. P. 65(b). "A court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

To obtain a temporary restraining order or preliminary injunction, the movant must establish the following prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent the injunction; (3) that the threatened injury to the plaintiff outweighs any harm the injunction might cause the defendants; and (4) that the injunction does not disserve the public interest." *See Russell v. Harris County, Texas*, 2020 WL 1866835, *5 (S.D. Tex. Apr. 14, 2020) (quoting *Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir.

4

2018) (per curiam)). The party seeking injunctive relief must satisfy all four prerequisites. *See Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). Injunctive relief that involves "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). Granting injunctive relief is to be treated as the exception rather than the rule. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## Analysis

Plaintiff is currently seeking a temporary restraining order and a preliminary injunction to force the Webb County District Clerk to comply with the duties of her position. Plaintiff has not satisfied all four prerequisites necessary to obtain the extraordinary remedy of a temporary restraining order or preliminary injunction. First, Plaintiff must establish that he has a substantial likelihood of success on the merits of his argument. The Court finds that Plaintiff has failed to satisfy this requirement. Plaintiff has not shown that he was actually prejudiced and thus is unable to present a valid claim under Title 42 U.S.C. § 1983. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). As a result, Plaintiff is unable to establish a likelihood of success on the merits of a case where he has been unable to present a valid claim.

Plaintiff argues that he was denied access to the court by the defendants because the District Clerk's Office delayed filing his legal documents in his state court case 2020CVK000391D4 and, as a result, they were not timely filed with the proper

court. (Dkt No. 33 at 2–3). However, as Plaintiff points out, he successfully removed the case to federal court, and it currently remains pending as case 5:20-CV-52. (*See* Dkt. No. 33 at 2–3). Plaintiff then argues that in state court case 2020CVK000879D3 the District Clerk's Office failed to send a show cause order issued by the judge in that case to Plaintiff at no cost. As a result, Plaintiff was unable to file a response within the ordered timeframe and an order for dismissal was entered. (*See* Dkt. No. 33 at 11–12). However, the order for dismissal was set aside in case 2020CVK000879D3 and the case remains active at the time of writing this report and recommendation.

Plaintiff also argues that state court case 2015CVT003714D1 was dismissed as a result of the District Clerk filing his legal documents past the statute of limitations. (*See* Dkt. No. 33 at 4). Plaintiff appealed 2015CVT003714D1 to the Fourth Court of Appeals on various grounds and the court of appeals held that dismissal was proper because the claims were frivolous as to all defendants, barred by election of remedies with respect to the individual Laredo defendants and individual Webb County defendants for conduct within the general scope of their employment, barred by sovereign immunity with respect to the City of Laredo and Webb County, and barred by judicial immunity with respect to Judge Jose A. Lopez. *See Gonzalez v. Lichtenberger*, No. 04–16–00192–CV, 2017 WL 2562768, *4–*5 (Tex. App.—San Antonio 2017, pet. denied). Plaintiff filed a petition for review with the Supreme Court of Texas and it was denied on March 9, 2018. Plaintiff then argues that the District Clerk is intentionally misfiling legal documents under the wrong

cases. (*See* Dkt. No. 33 at 4). Finally, Plaintiff argues that the District Clerk has a history of interfering with his right to access the courts. (*See* Dkt. No. 33 at 4).

Because the cases Plaintiff references as proof of cognizable legal prejudice were actually reviewed, found to be frivolous and dismissed, or remain active Plaintiff is unable to show he was actually prejudiced. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). To the extent that Plaintiff claims a conspiracy by the defendants to deny him access to the courts, Plaintiff has again been unable to show an actual injury. Thus, Plaintiff has failed to present a claim for which relief can be granted.

Moreover, even if the Plaintiff could show he was prejudiced he must still show that the deprivation stemmed from a defendant's intentional conduct or deliberate indifference. *See Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). Plaintiff claims that the defendants acted intentionally in delaying the filing of his documents or misfiling them. (*See* Dkt. No. 33 at 2–4). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than conclusory statements, and a formulaic recitation of the elements of a cause of action is not enough. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

The Court finds that—because Plaintiff has failed to show that he suffered actual prejudice and that the defendants' actions were intentional or deliberately indifferent—Plaintiff has failed to establish that he has a substantial likelihood of success on the merits of his argument.

## Conclusion

Plaintiff has not satisfied the first requirement in order to obtain injunctive relief. Accordingly, the undersigned Magistrate Judge recommends that the District Court **DENY** Plaintiff's Emergency Application for TRO and Request for Expedited Hearing on Request for Preliminary Injunction under Rule 65 Fed. Rules Civ. Proc. (Dkt. No. 33), at this time, without prejudice.

**SIGNED** the 28th day of September 2020.

Christopher dos Santos
United States Magistrate Judge

**Notice of Right to Object**

Pursuant to 28 U.S.C. § 636, the parties are granted 14 days to submit written objections to the proposed findings and recommendations of a magistrate judge. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in a Report within 14 days after being served with a copy of the Report bars that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, bars the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections are filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass*, 79 F.3d at 1428–29.