United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ABELARDO GONZALEZ, § § | |
| Plaintiff, § § | |
| VS. § § | CIVIL ACTION NO. 5:20-CV-30 |
| ESTHER DEGOLLADO *et al.*, § § | |
| Defendants. § | |

## ORDER

The United States Magistrate Judge has issued a Report and Recommendation (the "Report") (Dkt. No. 34), which recommends denying Plaintiff Abelardo Gonzalez's emergency motion for a temporary restraining order ("TRO") and an expedited preliminary injunction hearing (Dkt. No. 33). Plaintiff then filed two sets of objections (Dkt. Nos. 37, 40). Having considered the pleadings, arguments, and applicable authorities *de novo*, the Court agrees with the ultimate findings of the Magistrate Judge. Plaintiff's objections (Dkt. Nos. 37, 40) are **OVERRULED** and Plaintiff's emergency motion (Dkt. No. 33) is **DENIED**. However, the Court declines to adopt a rule statement in the Report and finds it necessary to make additional findings. The Magistrate Judge's Report is therefore **ADOPTED IN PART**.

Further, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court has conducted a judicial screening of Plaintiff's pleadings. The Court concludes that Plaintiff's pleadings are frivolous and have failed to state a claim upon which relief can be granted. His claims are therefore **DISMISSED WITH PREJUDICE**.

## I.   BACKGROUND

Plaintiff is currently incarcerated by the Texas Department of Criminal Justice ("TDCJ") in the Joe Ney Unit in Hondo, Texas (Dkt. No. 50). Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an original complaint, which was superseded by a first amended complaint (Dkt. Nos. 1, 3, 21). The first amended complaint alleges this matter's nineteen Defendants have intentionally filed Plaintiff's court documents in an untimely manner and conspired to withhold information from Plaintiff (Dkt. Nos. 3, 3-1). Regarding the conspiracy, Plaintiff believes Defendants refuse to divulge information about a bomb threat the Mexican mafia made against him and his children (*id.*). Plaintiff posits Defendants are obligated to convey such information to him (*id.*). Asserting his claims through 42 U.S.C. § 1983, Plaintiff avers Defendants are liable for (1) violating his First Amendment right to access the courts and (2) forming a civil conspiracy to deprive him of a constitutional right (*id.*). Notably, in his second claim, Plaintiff has not identified the constitutional right deprived. Defendants are law enforcement officers, public information officers, county clerks, district attorneys, state judges, the City of Laredo, and Webb County, Texas (*id.*).

After filing his first amended complaint, Plaintiff filed an emergency motion, which requests a TRO enjoining a county clerk and Webb County to file all court papers on the same day they are received, to provide information that Plaintiff requests, and to "immediately tender to [P]laintiff any and all court order's [*sic*], issued by the court" (Dkt. No. 33 at 5). The motion also seeks an expedited preliminary injunction hearing (*id.* at 2). The Magistrate Judge then issued the Report and Plaintiff filed objections (Dkt. Nos. 34, 37, 40).

## II. LEGAL STANDARD

### A. Reviewing a Magistrate Judge's Report and Recommendation

A party who files timely objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, the district court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

### B. Issuing a TRO or Preliminary Injunction

Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). TROs and preliminary injunctions are "not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) ("Temporary restraining orders and preliminary injunctions are extraordinary relief and rarely issued."). To obtain such relief, the party seeking a TRO or preliminary injunction must demonstrate (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in the movant's favor, and (4) emergency relief is in the

public interest. *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010). The movant bears the burden of proving all four requirements. *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009)

### C. Judicial Screening Under § 1915(e)(2)(B) and § 1915A

The Prison Litigation Reform Act ("PLRA") amended § 1915 to require the district court to *sua sponte* dismiss *in forma pauperis* prisoner civil rights suits if the court determines that the action is frivolous, malicious, or does not state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998). A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in fact if it describes "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327–28.

A complaint fails to state a claim when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not satisfy this standard. *Id.*

## III. ANALYSIS

### A. Plaintiff's Request for a TRO

#### *1. Substantial likelihood of succeeding on the merits*

Plaintiff's motion seeks emergency relief based on his First Amendment access-to-the-courts claim—not his civil conspiracy claim (Dkt. No. 33). As the Report correctly notes, Plaintiff has failed to show he is substantially likely to succeed on the merits of his access-to-the-courts claim (Dkt. No. 34 at 5). The First Amendment's Petition Clause entitles prisoners to access the courts and ask that the government redress their grievances. *McDonald v. Smith*, 472 U.S. 479, 484 (1985); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).[1] "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer*, 3 F.3d at 821. Further, to prevail on an access-to-the-courts claim, a prisoner-plaintiff must demonstrate "that his position as a litigant was prejudiced" by the defendant's actions. *McNatt v. Chapa*, No. 2:21-cv-91, 2021 WL 5142796, at *4 (S.D. Tex. Sept. 22, 2021) (citing *Eason v. Thaler*, 73 F.3d

---

[1] To clarify, the right to access the courts can derive from multiple constitutional provisions. *See* Jerald J. Director, Annotation, *Relief Under Federal Civil Rights Act to State Prisoners Complaining of Interference with Access to Courts*, 23 A.L.R. Fed. 6 (2021) (noting claim can derive from the First Amendment, Fourteenth Amendment's Due Process Clause, Fourteenth Amendment's Equal Protection Clause, and Sixth Amendment); *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (Fifth Amendment's Due Process Clause). Each claim effectuates a different animating principle. For example, a First Amendment access-to-the-courts claim stems from the tenet that individuals have the right to petition the government to redress their grievances. *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). A claim derived from the Fourteenth Amendment's Due Process Clause, in the prisoner context, grants prisoners the right to have courts consider claims related their conditions of incarceration, as well as the right to have meaningful access to legal resources to prepare their filings. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996); *Andrade v. Hauck*, 452 F.2d 1071, 1072 (5th Cir. 1971). Because Plaintiff's first amended complaint cites only the First Amendment, the Court limits its discussion accordingly (Dkt. No. 3).

1322, 1328 (5th Cir. 1996)), *report and recommendation adopted*, 2021 WL 5144356 (S.D. Tex. Nov. 3, 2021). Put another way, Plaintiff must show "his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered by the defendants' actions." *Willoughby v. Davis*, No. 2:19-cv-87, 2021 WL 3173904, at *3 (N.D. Tex. July 27, 2021) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Here, Plaintiff avers Defendants interfered with his ability to litigate three cases, which the Court denominates as *Gonzalez I*, *II*, and *III* (Dkt. No. 33 at 2–4).[2] As the Report correctly notes, Plaintiff has not shown Defendant's alleged conduct prejudiced Plaintiff's position in these cases (Dkt. No. 34 at 5–7). Accordingly, Plaintiff is not likely to succeed on his access-to-the-courts claim (*id.*).

Plaintiff claims a county clerk intentionally delayed filing Plaintiff's pleadings in *Gonzalez I* (Dkt. No. 33 at 2–4). Allegedly, the delayed filing caused Plaintiff's defamation claim to be asserted outside the statute of limitations (Dkt. No. 33 at 2–4). However, *Gonzalez I* was removed to this Court, and when the defendant argued Plaintiff's defamation claim was time-barred, the Court rejected the argument. *See Gonzalez I*, Dkt. No. 16 at 9 (S.D. Tex. May 20, 2020). Thus, Plaintiff has not shown that Defendants' allegedly dilatory conduct prejudiced Plaintiff's position in *Gonzalez I*. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason*, 73 F.3d at 1328.

As for *Gonzalez II*, the Court arrives at the same conclusion. Plaintiff avers the

---

[2] The more standard citations for *Gonzalez I*, *II*, and *III* are, respectively: (1) *Gonzalez v. Trevino*, No. 2020-CVK-391-D4, Orig. Pet. (406th Dist. Ct., Webb Cnty., Tex. Feb. 19, 2020), *removed as*, No. 5:20-cv-52, Dkt. 1 (S.D. Tex. Apr. 6, 2020); (2) *Gonzalez v. Lichtenberger*, No. 2015-CVT-3714-D1, Final J. (49th Dist. Ct., Webb Cnty., Tex. June 14, 2017), *aff'd*, No. 04-16-192-CV, 2017 WL 2562768 (Tex. App.—San Antonio June 14, 2017, pet. denied); and (3) *Gonzalez v. Gonzalez*, No. 2020-CVK-879-D3, Orig. Pet. (341st Dist. Ct., Webb Cnty., Tex. May 12, 2020). To facilitate ease of reading, the Court provides abbreviated citations in this Order's main body text.

6

county clerk intentionally docketed his pleading after the statute of limitations had expired (Dkt. No. 33 at 3–4). In *Gonzalez II*, the state trial court dismissed Plaintiff's claims on multiple grounds: frivolousness, a lapsed limitations period, governmental immunity, absolute immunity, and an election-of-remedies statute. *See Gonzalez II*, 2017 WL 2562768, at *1. On appeal, the state appellate court concluded Plaintiff's claims had no "arguable basis in law" and affirmed the dismissal based on governmental immunity, absolute immunity, and the election-of-remedies statute. *Id.* at *4–5. On this record, the Plaintiff has not made a substantial showing that Defendants' alleged conduct prejudiced him. To be sure, the lower state court concluded Plaintiff's claims were time-barred. *Id.* at *1. However, the appellate court ultimately determined no "arguable basis in law" supported the lawsuit, citing two immunity doctrines and an election-of-remedies statute. *Id.* at *4–5. Thus, Plaintiff's claims would have been dismissed even if they were timely filed by the county clerk. Because the county clerk's alleged denial of access did not prevent Plaintiff from asserting an "arguable" or "actionable" claim, Plaintiff has not shown prejudice. *See Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 353.

So too with *Gonzalez III*. Plaintiff alleges a county clerk intentionally did not mail him a show cause order (Dkt. No. 33 at 3). *See Gonzalez III*, Show Cause Order (341st Dist. Ct., Webb Cnty., Tex. June 18, 2020). Plaintiff claims he did not know he had to file a response, and the county clerk's intentional inaction led to his lawsuit's dismissal (*id.*). *See Gonzalez III*, Order of Dismissal (341st Dist. Ct., Webb Cnty., Tex. Aug. 3, 2020). But public records plainly belie Plaintiff's argument. Although an order of dismissal was entered, after receiving a letter from Plaintiff, the state court

7

reinstated the action three days later. *See Gonzalez III*, Order Setting Aside Dismissal (341st Dist. Ct., Webb Cnty., Tex. Aug. 6, 2020). Further, *Gonzales III* remains pending in state court. Because any prejudice from the county clerk's allegedly untimely mailing was later corrected and the case remains pending, Plaintiff has not shown he was denied access to the courts in *Gonzalez III*. *See Lewis*, 518 U.S. at 356; *Eason*, 73 F.3d at 1328.

### *2. Plaintiff's objections*

Plaintiff's objections largely regurgitate the arguments raised in his emergency motion (Dkt. Nos. 37, 40). To the extent he raises specific objections to the Magistrate Judge's Report, they are frivolous. For example, Plaintiff contends the Report misquotes his pleadings by stating a county clerk denied him access to courts by filing papers late (Dkt. No. 37 at 2). Plaintiff's objects to this summary of his pleadings, stating, "I never state [*sic*] the clerk **DENIED MY RIGHTS OF ACCESS TO COURT**" (Dkt. No. 37 at 2) (emphasis in original). But Plaintiff's first amended complaint alleges the county clerk "[i]ntentionally with-held filing of suit past statute of limitations [and] denied right of access to court under 1st Amend" (Dkt. No. 3 at 4). Because Plaintiff's objections are frivolous, they are **OVERRULED**. *See Nettles*, 677 F.2d at 410 n.8.

In summary, the Court agrees with the Report's ultimate conclusions. Plaintiff has not shown he is likely to succeed on his access-to-the-courts claim, and his request for a TRO is **DENIED**.

### *3. State-of-mind requirement*

Though the Court agrees with the Report's ultimate conclusions and overall reasoning, the Court declines to adopt a statement of law announced therein. The Report states a plaintiff asserting an access-to-the-courts claim "must" show prejudice "stemmed from a defendant's intentional conduct or deliberate indifference" (Dkt. No. 34 at 7). This rule statement may be too unequivocal.

In support of this proposition, the Report cites the following authorities: *Eason*, 73 F.3d at 1328; *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988); *Turner v. Donnelly*, 156 F. App'x 481, 483–84 (3d Cir. 2005); *Sims v. Landrum*, 170 F. App'x 954, 956–57 (6th Cir. 2006); *Porras v. Sanchez*, No. EP-13-248, 2014 WL 2118085, at *8 (W.D. Tex. May 21, 2014) (Dkt. No. 34 at 7). But these five cases do not offer binding support for the propositions that (1) in First Amendment access-to-the-courts cases, a defendant can be liable for a deliberately indifferent state of mind and (2) the Fifth Circuit has foreclosed other states of mind, such as recklessness, from giving rise to liability. First, *Eason* did not issue a holding on culpable states of mind. *See generally* 73 F.3d at 1322–30. Second and third, *Richardson* and *Donnelly* concluded an intentional denial of access to the courts violated the First Amendment. *See Richardson*, 841 F.2d at 122; *Turner*, 156 F. App'x at 483–84. However, these cases were silent as to deliberate indifference. *See id*. Notably, *Richardson* held a negligent denial of access will not give rise to liability. *See* 841 F.2d at 122 ("At best the evidence suggests that prison officials negligently lost appellant's mail."); *see also Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir. 1988) ("Negligence does *not* state a claim under section 1983 . . . .") (emphasis original).

9

Fourth, *Sims*, a Sixth Circuit case, stated a plaintiff's pleading will survive a motion to dismiss if it alleges more than "mere negligence." 170 F. App'x at 956. This implies that any state of mind higher than negligence—*e.g.*, recklessness, wantonness, gross negligence, or deliberate indifference—will give rise to liability. However, *Sims* is not binding on this Court.

Fifth and finally, *Porras*, an unpublished case from the Western District of Texas, stated a defendant can be liable for a deliberately indifferent state of mind. *See* 2014 WL 2118085, at *10. However, the citations upon which *Porras* relies do not offer binding support for this proposition. *See id.* (citing *Herrington v. Martin*, No. 09-cv-785, 2009 WL 5178340, at *2 (W.D. La. Dec. 23, 2009) (citing *Richardson*, 841 F.2d at 122; *Donnelly*, 156 F. App'x at 483–84; *Sims*, 170 F. App'x at 954)).

The United States Supreme Court has held that § 1983 does not "contain a state-of-mind requirement," and, accordingly, claims asserted thereunder are not limited to "intentional deprivations of constitutional rights." *Parratt v. Taylor*, 451 U.S. 527, 532–35 (1981). In other words, § 1983 imposes "no state-of-mind requirement independent of that necessary to state a violation of the underlying constitutional right." *Daniels v. Williams*, 474 U.S. 327, 329–30 (1986). Therefore, in § 1983 suits, courts must take care to identify the constitutional claim asserted and impose the correct state-of-mind requirement for each claim. *See, e.g.*, *Ward v. Fisher*, 616 F. App'x 680, 683–84 (5th Cir. 2015) (applying deliberate indifference standard for Eighth Amendment claim of inadequate medical care, but intentional standard for First Amendment retaliation claim).

In First Amendment access-to-the-courts cases, federal courts have concluded

a defendant can incur liability for various states of mind. *See Welch v. Evans*, 402 F. Supp. 468, 468 (E.D. Va. 1975) (negligence); *Sims*, 170 F. App'x at 957 ("more than negligence"); *Johnson v. Miller*, 925 F. Supp. 334, 337 (E.D. Pa. 1996) (suggesting "a less exacting standard than one of 'deliberate indifference'" may be viable); *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005) ("some intentional motivation"); *Richardson*, 841 F.2d at 122 (5th Cir. 1988) (intentional). To the Court's knowledge, the Fifth Circuit has yet to hold whether only an intentional denial of access will suffice, or whether a less culpable state of mind can also give rise to liability. Indeed, in *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986), the Fifth Circuit declined to answer this very question in the Fourteenth Amendment context:

> Following the lead of the Supreme Court in *Daniels v. Williams*, we observe: "This case affords us no occasion to consider whether something less than intentional conduct, such as recklessness or 'gross negligence' is enough to trigger the protections of the Due Process Clause."

*Id.* at 312 (quoting *Daniels*, 474 U.S. at 334 n.3.). Notably, the plaintiff in *Jackson* also brought a First Amendment denial-of-access claim. *Id.* at 308, 311. Because the Fifth Circuit declined to issue a holding regarding the plaintiff's Fourteenth Amendment access-to-the-courts claim, it is safe to assume the Fifth Circuit also declined to issue a holding with respect to the plaintiff's First Amendment claim.

Given this uncertainty in binding case law, the Court declines to adopt the rule statement announced in the Magistrate Judge's Report (Dkt. No. 34 at 7). That is, a plaintiff "must" show a denial of access occurred from intentional or deliberately indifferent conduct (*id.*). Because Plaintiff's access-to-the-courts claim fails on the prejudice prong, the Court need not decide whether a deliberately indifferent state of mind will give rise to liability under the First Amendment.

### B. Plaintiff's Request for a Preliminary Injunction Hearing and Preliminary Injunction

The Magistrate Judge's Report recommends denying a preliminary injunction because Plaintiff has not shown a substantial likelihood of succeeding on the merits (Dkt. No. 34 at 8). The Court concurs: Plaintiff has not shown he was prejudiced by Defendants' alleged conduct and has not demonstrated his entitlement to emergency relief. Plaintiff's requests for an expedited hearing and a preliminary injunction are therefore **DENIED**.

### C. Judicial Screening Under 28 U.S.C. § 1915(e)(2)(B) and 1915A

Finally, as required by § 1915(e)(2)(B) and § 1915A, the Court judicially screens Plaintiff's first amended complaint. To survive judicial screening, Plaintiff must plead sufficient facts, which, if accepted as true, state a plausible claim. *Twombly*, 550 U.S. at 570. In this screening, the Court is empowered to "pierce the veil" of Plaintiff's allegations if they are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court may also take judicial notice of filings in other court proceedings, as they are matters of public record. *See Murchison Cap. Partners, LP v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015); *see also Ahmadi v. Downey*, No. H-18-211, 2021 WL 1227918, at *2 (S.D. Tex. Mar. 31, 2021) (taking judicial notice of plaintiff's "numerous *pro se* federal civil and habeas lawsuits" in § 1915(e)(2)(B) and § 1915A screening). Lastly, the Court can also conclude whether Plaintiff's claims are legally or factually frivolous. *See Neitzke*, 490 U.S. at 325.

#### 1. *First Amendment access to the courts*

Plaintiff has failed to plausibly plead a First Amendment access-to-the-courts claim. As stated herein, public court records show Defendants' alleged conduct has

not prejudiced Plaintiff in *Gonzalez I*, *II*, or *III*. *See supra* Section III.A.1. Accordingly, after taking judicial notice of the filings in *Gonzalez I*, *II*, and *III* and piercing the veil of Plaintiff's baseless allegations, the Court concludes Plaintiff has not plausibly alleged a violation of his First Amendment right to access the courts. The Court also concludes this claim is based on an indisputably meritless legal theory and is frivolous.[3]

### 2. Civil conspiracy

Plaintiff's civil conspiracy claim is also meritless. "To establish a conspiracy claim under § 1983, the plaintiff must show there was an agreement among the alleged co-conspirators to deprive him of his constitutional rights and that such an alleged deprivation actually occurred." *Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Est. of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991)). Conclusory allegations that do not reference specific factual allegations tending to show an agreement will not carry the plaintiff's burden. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023–24 (5th Cir. 1982).

For starters, Plaintiff's civil conspiracy claims against the City of Laredo and

---

[3] In the interest of brevity, the Court will not fully address other justifications for dismissal. However, the Court notes that for the individual Defendants, the first amended complaint does not plead allegations sufficient to overcome these Defendants' entitlement to absolute judicial immunity, absolute prosecutorial immunity, and qualified immunity. *See, e.g.*, *Jones v. Judge of 129th, Harris Cnty. Dist. Ct.*, 113 F. App'x 603, 604–05 (5th Cir. 2004) (absolute judicial immunity); *Burnett v. Denman*, 368 F. App'x 603, 604 (5th Cir. 2010) (qualified immunity for county clerks); *Torres v. All Dist. Ct. Judges of 156th Bee Cnty.*, No. 2:21-cv-140, 2021 WL 4926496, at *5 (S.D. Tex. Sept. 8, 2021) (absolute prosecutorial immunity), *report and recommendation adopted*, 2021 WL 4925387 (S.D. Tex. 2021); *Waller v. City of Fort Worth*, No. 4:15-cv-670, 2018 WL 1757779, at *13–14 (N.D. Tex. Apr. 12, 2018) (qualified immunity for law enforcement officers). As for the City of Laredo and Webb County, Plaintiff's first amended complaint fails to plausibly plead municipal liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). That is, Plaintiff has not plausibly pled a policymaker implemented an official policy that was the "moving force" of a constitutional violation. *See id.*; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Webb County are likely precluded under the doctrine of *res judicata*. *See Union Pac. R.R. Co. v. Harris Cnty.*, 790 F. Supp. 2d 568, 580–81 (S.D. Tex. 2011). In 2017—four years ago—the state appellate court affirmed the lower court's dismissal of this exact claim on nearly identical facts. *See Gonzalez II*, 2017 WL 2562768, at *1, *5.

Moreover, having reviewed Plaintiff's 94-page complaint, the Court finds that, despite their length, his allegations are general and conclusory. *See Montgomery*, 759 F. App'x at 315 (affirming dismissal where prisoner's civil conspiracy allegations were conclusory, "disorganized," and contained facts "very loosely tied together"). Plaintiff's allegations largely rely on hyperbolic adjectives and adverbs and offer no specific facts to provide a reasonable inference that Defendants formed a conspiracy together (*see generally* Dkt. Nos. 3, 3-1). For example, Plaintiff has not identified any time, date, or circumstance illustrating an agreement was formed. *Montgomery*, 759 F. App'x at 314. Further, Plaintiff has not identified a cognizable constitutional right allegedly deprived by the conspiracy. Thus, Plaintiff's civil conspiracy claim should be dismissed. *See id.* at 314–15.

### 3. *Request for a Spears hearing*

Lastly, Plaintiff's objections request a *Spears* hearing (Dkt. No. 37 at 7). In a *Spears* hearing, a district court receives evidence to determine a prisoner-plaintiff's intent and whether a plaintiff's claims are frivolous. *See, e.g.*, *Gilbert v. Collins*, 905 F.2d 61 (5th Cir. 1990). Whether a district court holds a *Spears* hearing is a matter of discretion. *See Martinez v. Johnson*, 103 F. App'x 531, 532 (5th Cir. 2004); *Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir. 1988). Here, public records show Plaintiff's First Amendment claim is frivolous. Further, Plaintiff's civil conspiracy claim, which avers

that government officials are obligated to supply him information about the Mexican mafia's bomb threat, does not sufficiently identify a constitutional violation that warrants further elaboration at a hearing. Accordingly, Plaintiff's request for a *Spears* hearing is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report (Dkt. No. 34) is **ADOPTED IN PART**, insofar that it is consistent with this Order. Plaintiff's emergency motion (Dkt. No. 33) is **DENIED**. Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the claims in Plaintiff's first amended complaint (Dkt. No. 3) are **DISMISSED WITH PREJUDICE**, as they fail to state a claim and are frivolous. The Court's dismissal of Plaintiff's first amended complaint shall count as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996).

The Court takes judicial notice that this is Plaintiff's third dismissal under § 1915(e)(2)(B). *See Gonzalez v. Sarabia*, No. 3:14-cv-366, 2017 WL 568764 (S.D. Tex. Feb. 9, 2017), *aff'd*, 720 F. App'x 213 (5th Cir. 2018); *Gonzalez v. Taylor*, No. 2:15-cv-46, 2016 WL 48126 (S.D. Tex. Jan. 5, 2018), *aff'd*, 695 F. App'x 731 (5th Cir. 2017). Under § 1915(g)'s "three strikes" rule, Plaintiff is hereby **BARRED** from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.G. § 1915(g). Further, Plaintiff is **WARNED** that, regardless of the § 1915(g) bar, any frivolous, repetitive, or otherwise abusive filings may invite the imposition of additional sanctions, which may include dismissal, monetary sanctions,

15

and further restrictions on his ability to file pleadings. *See Spence v. Harrison-Dunn*, No. 20-20498, 2021 WL 5409240, at *2 (5th Cir. Nov. 18, 2021).

The Clerk of Court is **DIRECTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

The Court will enter Final Judgment under separate cover.

It is so **ORDERED**.

**SIGNED** November 29, 2021.

                                      Marina Garcia Marmolejo
                                      United States District Judge